IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SANDRA DEVINNEY                  :     CIVIL ACTION
                                 :
   v.                            :
                                 :     No. 13-1777
MINDLANCE, INC., et al.          :

## MEMORANDUM

Ludwig, J.                                              August  2, 2013

      This is an action alleging breach of contract, unjust enrichment and violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. §§ 260.1 through 260.12. Plaintiff Sandra Devinney filed the action in the Montgomery County Court of Common Pleas and defendants Mindlance, Inc. and Vikram Kalra removed it to this court based on diversity jurisdiction. Defendants now move to dismiss the action for improper venue or, in the alternative, to transfer venue to the District of New Jersey. For the following reasons, the motion to dismiss will be denied and the motion to transfer granted.

      According to the complaint, plaintiff is a citizen of Pennsylvania. Complaint, ¶ 1. Defendant Mindlance, an information technology recruiting company, is a corporation organized and existing under the laws of New Jersey, with its principal place of business in New Jersey and an office in King of Prussia, Pennsylvania. Id., ¶ 2. Defendant Kalra is Mindlance's CEO, Managing Director and majority owner. Id., ¶ 3.  On April 29, 2010, plaintiff accepted a position with defendant Mindlance. The terms of her employment were set forth in a letter to which was attached an explanation of defendant's bonus plan as it applied to plaintiff. The letter also required execution of a "Confidentiality

Agreement," a "Fair Competition Agreement," and an "Acknowledgment of Receipt" of the company handbook. Id., ¶ 4, and Exhibit A to the complaint. Prior to accepting employment with defendant, plaintiff, represented by counsel, negotiated a notice of termination provision and an agreement exempting certain of her clients from the terms of the Fair Competition Agreement. Declaration of Vikram Kalra, Exhibit 5 to defendants' motion. All of the documents referenced were reviewed, negotiated and executed by plaintiff at the same time. Id.

Since joining defendant, plaintiff has substantially contributed to defendant's growth from $2 million to $25 million annually. Complaint, ¶ 5. Based on this growth, she alleges she is entitled to $700,000 in bonus compensation, which has not been paid. Id., ¶ 6. Plaintiff is still employed by defendant.

## Motion to Dismiss

Defendants move to dismiss the action based on choice of law and forum selection clauses included in the Confidentiality and Fair Competition Agreements. Relevantly, the Fair Competition Agreement states: "You hereby submit to the exclusive personal jurisdiction of the state and federal courts sitting in New Jersey for all disputes which arise or may arise under this Agreement." Fair Competition Agreement, Exhibit 3 to defendants' motion.[1] Defendants contend that the existence of this clause renders venue in this

---

[1] The forum selection clause in the Confidentiality Agreement requires application of New Jersey law, but specifies Massachusetts as the forum of choice. Confidentiality Agreement, Exhibit 3 to defendants' motion, ¶ 6.6. This discrepancy is not addressed by either party.

district improper, warranting dismissal under 28 U.S.C. § 1406. However, a forum selection clause does not render venue improper in an otherwise proper forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877-79 (3d Cir. 1995). Moreover, where a forum selection clause designating a different forum is applicable, but venue is otherwise proper, dismissal is inappropriate and the correct remedy is transfer. *Id.*; *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297-98 (3d Cir. 2001); *TriState HVAC Equip., LLC v. Big Belly Solar, Inc.*, 752 F.Supp.2d 517, 533 (E.D. Pa. 2010). Here, notwithstanding the forum selection clause, venue in this district is proper. The action was properly removed under 28 U.S.C. § 1441(a) "to the district of the United States for the district and division embracing the place where such action is pending," namely, from the Montgomery County Court of Common Pleas to this court. Had the action been filed in this court originally, venue would be proper under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claim occurred in Pennsylvania: plaintiff lives and works here, the employment contract was executed by plaintiff here, and though defendant is headquartered in New Jersey, it has an office here. Thus, because venue is otherwise proper here, dismissal is inappropriate and the motion to dismiss must be denied.

### Motion to Transfer

Defendants urge transfer based on the forum selection clauses, and for the convenience of the parties under 28 U.S.C. § 1404(a). Plaintiff contends that the Confidentiality and Non-Disclosure and Fair Competition Agreements

are not implicated here because the basis of this action is a failure to pay compensation. Compensation is not addressed in the foregoing agreements, but in a letter to plaintiff with an attachment explaining defendant Mindlance's bonus program, neither of which includes a forum selection clause. Defendants counter that all documents relevant to plaintiff's employment – the letter setting forth her compensation and the parties' agreement as to notice prior to termination, the Confidentiality and Non-Disclosure and Fair Competition Agreements – were negotiated and executed together and, therefore, they must be viewed as a single employment contract.

"It is a general rule of contract law that where two writings are executed at the same time and are intertwined by the same subject matter, they should be construed together and interpreted as a whole, each contributing to the ascertainment of the true intent of the parties." *Kroblin Refrigerated Xpress, Inc. v. Pitterich*, 805 F.2d 96, 107-08 (3d Cir. 1986)(citations omitted). As such, the documents are properly viewed together as a single employment contract, and the forum selection clause, accordingly, is applicable.

"Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *General Engineering Corp.v. Martin Marietta Alumina, Inc.*, 783 F.2d 352 (3d Cir. 1986), quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). There has been no showing by plaintiff that enforcement in this case would be unreasonable. She does not argue that she was unaware of the existence of the clauses. Though she was represented during the

4

negotiations of the terms of her employment, and the negotiations resulted in concessions to her, namely certain of her clients were excluded from the provisions of the Fair Competition Agreement and her employment was not at-will, she does not contend that she made any effort to negotiate a different forum selection clause, or none at all.

Plaintiff does not argue that venue would not be proper in New Jersey, and based on the record, venue would be proper where defendant is headquartered. Though plaintiff chose Pennsylvania as the forum for this action, her choice is given little deference given the applicable forum selection clause. Further, while the record reflects that plaintiff lives and works in Pennsylvania, it also reflects that she has, on occasion, travelled to New Jersey for her employment. Moreover, many of the documents and witnesses potentially involved in this case are located in New Jersey. Given this, and the close physical proximity between the district courts of the Eastern District of Pennsylvania and the District of New Jersey, there is little basis for a finding that enforcement of the forum selection clause in this case would be unreasonable, and a strong basis for transfer under § 1404(a). *See Jumara,* 55 F.3d at 879-80. Accordingly, the forum selection clause is properly enforced and this action must be transferred to the District of New Jersey.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.